972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynn A. MARTIN, Secretary of Labor, United States Department
of Labor, Plaintiff-Appellant,
v.
APPLIED DATA SYSTEM, a corporation; Johann P. Ager,
Defendants-Appellees.
 Nos. 91-15799, 91-16285.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided July 28, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Secretary of Labor appeals from judgments against an employer in this action brought under the Fair Labor Standards Act. The Secretary contends that the court erred in awarding partial prejudgment interest and in deducting lunch time from the backpay award. We affirm.
 
 DISCUSSION
 
 3
 We conclude that the district court did not abuse its discretion in awarding only partial prejudgment interest. See Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir.1986). Equitable considerations will justify an award of less than full prejudgment interest. See id.; Dole v. Shenandoah Baptist Church, 899 F.2d 1389, 1401 (4th Cir.), cert. denied, 111 S.Ct. 131 (1990).
 
 
 4
 We also find no error in the district court's decision to deduct lunch time from each employee's award. Deductions are proper when the meal period lasts at least 30 minutes and the employees are completely relieved from duties. Brennan v. Elmer's Disposal Service, Inc., 510 F.2d 84, 88 (9th Cir.1975); 29 C.F.R. § 785.19 (1991). The employer presented evidence during the 1985 hearings to support the deduction. The evidence was properly considered by the court because the 1991 proceeding was a continuation of the 1985 hearings.
 
 
 5
 Finally, the employer contends that: (1) he should not be personally liable; (2) the employees were professionals exempt from the overtime requirement; and (3) back pay should not have been awarded because any violation was merely technical. We do not consider his arguments because he did not cross appeal from the judgments. See Animal Protection Inst. v. Hodel, 860 F.2d 920, 928 (9th Cir.1988).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3